IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NINGBO LIQI ELECTRICAL APPLIANCES COMPANY LIMITED,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Civil Action No. 1:25-cv-14642<br><br>Honorable Robert William Gettleman<br><br>JURY TRIAL DEMANDED |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Ningbo Liqi Electrical Appliances Company Limited, ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using the online marketplace accounts identified in Schedule A ("Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court **GRANTS** Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered December. 9, 2025 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that

1

target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's patented design, U.S. Patent No. No. D868,952 ("the D'952 Patent") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products infringing the D'952 Patent. *See* Docket Nos. 4 (Exhibit 1 - Part 1, Exhibit 2 - Part 2, Exhibit 3 - Part 3, Exhibit 4 - Part 4) file on December 9, 2025, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of design patent infringement because (1) the D'952 Patent is likely to withstand any invalidity challenges, (2) Defendants are not licensed or authorized to use the patented design, and (3) the two designs are so substantially similar that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the D'952 Patent. Furthermore, Defendants' continued and unauthorized use of the D'952 Patent irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity of intellectual property rights, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public

2

confusion created by Defendants' actions and to uphold Patent rights. Accordingly, this Court orders that:

1. Defendants and their officers, affiliates, agents, and employees are hereby enjoined, during the pendency of this action, from:

    a. manufacturing, importing, distributing, offering for sale, or selling any infringing products, *e.g.*, the cosmetic bag as identified in Exhibit 1 - Part 1, Exhibit 2 - Part 2 to the Sealed Complaint and any colorable variations thereof ("Infringing Products"); including the products identified by the following Product ID Nos.

| Def. No. | Defendant Seller Name | IN/Product ID | Seller ID | Platform |
|---|---|---|---|---|
| 1 | Ingra-US | B0DFPQDWQW | AOUI4RZO7JPJP | AMAZON |
| 1 | Ingra-US | B0DFPVKD7X | AOUI4RZO7JPJP | AMAZON |
| 2 | XinMann | B0DSPCVD5N | AB0G5X4AURZP3 | AMAZON |
| 3 | Spectrum Finds Co. | B0CSDXZG5C | A3E2GOACH11N82 | AMAZON |
| 4 | Wealkree | B0DPK71WBJ | A174ED71KF9VVK | AMAZON |
| 5 | ganzhouyuanjiamaoyiyouxiangongsi | B0CRQWMV5Y | A1DIOHY3MLS493 | AMAZON |
| 5 | ganzhouyuanjiamaoyiyouxiangongsi | B0CPP8VN5Z | A1DIOHY3MLS493 | AMAZON |

    b. further infringing the D'952 Patent and damaging Plaintiff's patent rights in any way;

    c. otherwise competing unfairly with Plaintiff in any manner;

    d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the

       Infringing Products; and

   f. operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

2. Defendants and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order—including Amazon.com and any payment service providers, including any credit card companies, banks, or payment processors such as PayPal—shall, within five (5) business days of receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and things currently in their possession, custody, or control related to:

   a. the identities of and all contact information, including any email addresses, related to Defendants, and any entities having any ownership or control over the Amazon.com marketplace stores operated by Defendants as identified in Schedule A, and any other Amazon.com accounts under the operation or control of the individuals operating the foregoing marketplace accounts;

   b. any Amazon.com marketplace accounts owned, operated, or controlled by Defendants and their officers, affiliates, agents, and/or employees;

   c. the nature of the Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, including the Defendants' sales and listing history related to their respective online marketplace accounts identified in the table below or in response to 2.a above; and

   d. any and all financial accounts owned, operated, or controlled by the Defendants

       and/or their officers, affiliates, agents, and/or employees used in conjunction with the sale and/or offering for sale in conjunction with the Infringing Products.

3. Defendants, Amazon.com and any third parties with actual notice shall, within five (5) business days after receipt of such notice disable any and all accounts and or services used by Defendants to market, advertise, sell and/or offer for sale any goods in conjunction with the Infringing Products.

4. Amazon.com and any other online marketplace used by Defendants to sell or offer to sell the Infringing Products shall within five (5) business days of receipt of this Order, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products or colorable variations thereof.

5. Amazon.com and any other online marketplace used by Defendants to sell or offer to sell the Infringing Products shall, within three (3) business days of receipt of this Order, make the Amazon Defendants' Amazon Seller ID(s), or any other online store owned, operated, or controlled by Defendants untransferable until further ordered by this Court.

6. Amazon Payments, Inc. ("Amazon") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to the Defendants, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Defendants; Amazon shall further, provide Plaintiff's counsel with all data which (i) identifies the financial account(s) which the restrained funds are related to, and (ii) details the account transactions related to all funds transmitted into the financial account(s) which have been

5

restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court.

7. Any banks, savings and loan associations, payment processors, or other financial institutions, for the Defendants, shall within two (2) business days of receipt of this Order:

    a. locate all accounts and funds connected to the Defendants; and

    b. restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of the Defendants' assets until further ordered by this Court.

8. The five Thousand Dollar ($5,000.00) bond shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

9. Plaintiff may provide notice of these proceedings and service of the complaint, this Order and other relevant documents and by sending an e-mail to the e-mail addresses identified and any e-mail addresses provided for Defendants by third parties. The combination of providing notice via e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

10. Plaintiff is authorized to serve expedited discovery under Fed. R. Civ. P. 33, 34, and 36, upon Defendants via e-mail, who shall serve their responses and objections to such discovery within five business days. This expedited discovery is limited to the following:

    a. the identities and locations of Defendants, their agents, servants, employees,

       confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Amazon.com Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Amazon.com marketplace accounts.

11. The Clerk of the Court is directed to unseal the Complaint, Plaintiff's Motion for Entry of a Temporary Restraining Order, and the Temporary Restraining Order.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: January 6, 2026

                                      SO ORDERED:

                                      Honorable Robert William Gettleman